505 A.2d 303

**Stephen P. LINEBAUGH, Esquire, Personal Representative of the Estate of Charles N. Snyder, Jr., Deceased, and Cynthia M. Snyder, Individually**

**v.**

**George H. LEHR.**

**Appeal of Cynthia M. SNYDER.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed Feb. 20, 1986.

John Thompson, Jr., York, for appellant.

George F. Douglas, Jr., Carlisle, for appellee.

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

WIEAND, Judge:

Charles N. Snyder, Jr. was killed when the bicycle on which he was riding was struck by an automobile operated by George H. Lehr. Stephen P. Linebaugh, Esquire, the personal representative of the decedent's estate, together with Cynthia M. Snyder, the decedent's widow, filed a three count complaint asserting wrongful death and survival actions and a separate cause of action on behalf of the widow for loss of consortium. State Farm Mutual Automobile Insurance Co., which had written a policy of liability insurance for the Lehr vehicle with limits of $25,000 per person and $50,000 per accident, undertook the defense of the action. The insurer subsequently acknowledged liability

and offered policy limits of $25,000 to settle the wrongful death and survival actions. This offer was accepted, and the settlement was approved by the court.[1] The widow, however, insisted that she had a separate and independent claim for loss of consortium. A petition for declaratory judgment, therefore, was filed by the insurer to obtain an adjudication regarding any possible liability it might have on a separate claim by the widow for loss of consortium. The trial court held that the widow did not have a separate claim for loss of consortium and dismissed her claim. Mrs. Snyder appealed. We affirm.

"Pennsylvania courts have long held that an action for loss of consortium is derivative [of the injured spouse's claim]." *Scattaregia v. Shin Shen Wu*, 343 Pa.Super. 452, 455, 495 A.2d 552, 553 (1985). See: *Winner v. Oakland Township*, 158 Pa. 405, 27 A. 1110 (1893); *Hopkins v. Blanco*, 224 Pa.Super. 116, 302 A.2d 855 (1973), *aff'd*, 457 Pa. 90, 320 A.2d 139 (1974); *Little v. Jarvis*, 219 Pa.Super. 156, 280 A.2d 617 (1971); *Elser v. Union Paving Co.*, 167 Pa.Super. 62, 74 A.2d 529 (1950). See also: *Klein v. Council of Chemical Associations*, 587 F.Supp. 213 (E.D.Pa. 1984). Recently, in the course of determining whether a spouse's damages for loss of consortium should be reduced by the percentage of comparative negligence attributed to the injured spouse, this Court characterized a claim for loss of consortium as follows:

> "The consortium claim and the personal injury claim are closely interconnected; together, they represent the total, compensable damages—direct and indirect—suffered as a result of the principal plaintiff's injury.... The consortium plaintiff ... has suffered no direct injury.... Her right to recover is derived, both in a literal and legal sense, from the injury suffered by her spouse."

*Scattaregia v. Shin Shen Wu, supra*, 343 Pa.Superior Ct. at 455–456, 495 A.2d at 553–554, quoting *Maidman v. Stagg*, 82 A.D.2d 299, 304, 441 N.Y.S.2d 711, 715 (1981).

1. It was determined that, except for his interest in the policy of insurance, the tortfeasor was judgment-proof.

In the instant case, appellant does not dispute the principle that a loss of consortium claim is derivative in the sense that it may be denied or reduced on the basis of an injured or deceased spouse's contributory negligence. She argues, however, that she is "a second, unwilling victim" and should be able to institute suit in her own right, independent of the wrongful death and survival actions brought by the personal representative of her deceased husband's estate. See: Brief for Appellant at 6. There is no merit in this argument.

■ The purpose of the Wrongful Death Statute, 42 Pa. C.S. § 8301, is to compensate "the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death.... This includes the value of the services the victim would have rendered to his family if he had lived." *Slaseman v. Myers*, 309 Pa.Super. 537, 545, 455 A.2d 1213, 1218 (1983). A wrongful death action does not compensate the decedent; it compensates the survivors for damages which they have sustained as a result of the decedent's death. See: *Dennick v. Scheiwer*, 381 Pa. 200, 201, 113 A.2d 318, 319 (1955).

> Under the wrongful death act the widow or family is entitled, in addition to costs, to compensation for the loss of the contributions decedent would have made for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation. *The widow is also entitled to the pecuniary value of the services, society and comfort she would have received from the decedent.*

*Slaseman v. Myers, supra* 309 Pa.Super. at 549, 455 A.2d at 1220 (emphasis added), citing *Spangler v. Helm's New York-Pittsburgh Motor Express*, 396 Pa. 482, 485, 153 A.2d 490, 492 (1959). See: *Altamuro v. Milner Hotel, Inc.,* 540 F.Supp. 870 (E.D.Pa.1982). It is clear, therefore, that recovery in a wrongful death action includes damages for the loss of the decedent's society, which is also the essential nature of a claim for loss of consortium. To allow a surviving spouse to maintain a separate cause of action for loss of consortium in addition to the action brought on

behalf of the deceased spouse under the wrongful death statute would permit a double recovery for the same death.

We hold, therefore, that a surviving spouse cannot maintain a separate cause of action for loss of consortium resulting from the death of a spouse but must instead recover damages for loss of the deceased spouse's society in an action for wrongful death. In the instant case the wrongful death and survival actions were settled for policy limits with the approval of the court. The surviving spouse's additional claim for loss of consortium, therefore, was properly dismissed.

Judgment affirmed.