## Krebs v. Rodriguez

*John W. Thompson Jr.,* for plaintiff.
*Thomas J. Williams,* for defendant.

CHRONISTER, *J.,* April 24, 1989 — This matter is before the court on defendant's motion for partial summary judgment. Plaintiff's decedent was killed by a vehicle allegedly driven by defendant. The complaint is in three counts, the first two of which allege wrongful death and survival actions. Count III includes a claim, on behalf of the decedent's

minor daughter, for damages for loss of parental consortium. It is the last claim which is subject of defendant's motion.

Defendant argues that such a cause of action does not exist in Pennsylvania, citing Steiner v. Bell Telephone Company, 358 Pa. Super. 505, 517 A.2d 1348 (1986), affirmed 518 Pa. 57, 540 A.2d 266 (1988). In that case plaintiff's mother was attempting to make an emergency telephone call when she was twice placed on hold by a Bell Telephone operator. She was subsequently attacked and raped allegedly due to the delay. The children sued Bell Telephone for loss of parental consortium on the theory that it was liable for the breakdown of their family relations by reason of marital discord between their parents. The Steiner court held that a cause of action by a child does not exist for loss of parental consortium when the parent is injured by a third-party tort-feasor's negligence.

Plaintiff distinguished Steiner, because in the instant case, the mother was killed, rather than merely being injured as in Steiner. Plaintiff points out that there is no question that under existing law an element of compensation is the pecuniary value of the services, society, and comfort that the decedent would have given to her family had she lived. What plaintiff is asking this court to do is to consider eliminating the indirect mechanics of providing compensation for such loss through the Wrongful Death Act and to recognize instead that such a loss to the minor child is direct and should be presented independently as a separate claim, directly compensating the minor child. For reasons which follow, we must deny plaintiff's request.

Plaintiff bases her claim on Amadio v. Levin, 509

Pa. 199, 501 A.2d 1085 (1985). The precise holding of that case was recognition of a right of recovery on behalf of a stillborn child, under the Wrongful Death and Survival Acts [42 P.S. §§ 8301(a) and 8302], who died as a result of injuries received en ventre sa mere. Suit was brought both by the parents of the deceased child in their own right *and* as administrator's of the child's estate. In regard to the parents' direct claim for compensation plaintiff points us to Justice Flaherty's dissent in *Amadio,* where he states:

"No one doubts the suffering and terrible disappointment which most expectant parents would experience upon learning that their child was stillborn, and if a wrong were committed which caused the stillbirth, the wrongdoer should be liable in damages to the parents." *Amadio* at 237, 501 A.2d at 1105.

Plaintiff contends that because *Amadio* and prior case law recognizes the right of parents to claim directly for the loss of a child, no distinction should be made when a child claims directly for the loss of a parent.

Plaintiff's argument would be persuasive were it not for the fact that the "direct" claim by the parents referred to in *Amadio* is negligent infliction of emotional distress. "The parents' pain and suffering caused by their child's negligent death has never been recoverable unless the pain and suffering was accompanied by or as a result of a physical injury to the parent." *Amadio* at 207, 501 A.2d at 1088. "[T]he wrongful death and survival actions brought by the parents/administrators did not preclude, and were not apparently precluded by, their own separate actions for negligent infliction of emotional distress." *Id.* at 212, 501 A.2d at 1091 (Zappala, *J.*, concurring). Negligent infliction of emotional distress not only requires phys-

ical injury, but is also requires that the plaintiff have been a "percipient witness" to the allegedly negligent act. *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979). Clearly that element cannot be met under the present set of facts, where the decedent's daughter was nowhere near her mother at the time of the accident.

We agree with plaintiff that *Steiner* is not controlling because the parent in the instant case was killed, rather than merely being injured, as in *Steiner.* Nevertheless, *Steiner* clearly states the appellate courts' policy of refusing to expand liability for emotional injuries. That court recognized that both husband and wife are permitted to seek damages for spousal loss of consortium, *Hopkins v. Blanco,* 457 Pa. 90, 320 A.2d 139 (1974), but distinguished the bases of the husband/wife and parent/child relationships in addition to rejecting an equal protection argument raised in that case:

"[T]o argue that children whose parents are injured must be treated the same as children whose parents are negligently killed or as husbands and wives whose spouses are negligently injured is to misconstrue the class protected by the wrongful death statute as well as the basis of the spousal and filial relationships.

"It is improper to equate children whose parents are negligently injured and children protected by the wrongful death statute. The Wrongful Death Statute is not so much a separation of classes of children as a distinction between the scope of a tort-feasor's liability for causing fatal as opposed to non-fatal injuries. The Wrongful Death Statute also does not create only the class of children as its beneficiaries. Rather, the class which the statute benefits is that of the spouse, children, or parents of the deceased, and any recovery must be shared in

proportion to the beneficiaries' intestate shares. Moreover, the statute allows recovery only when the child is totally and permanently deprived of all parental consortium. When a parent is injured, the child will, except in rare cases, lose only some of the elements of parental consortium and only for a limited period of time. Therefore, there is no merit to appellants' argument that to deny children a general cause of aciton for loss or parental consortium due to a negligently inflicted injury to the parent violates the equal protection clause." *Steiner* at 518, 517 A.2d at 1355. (citations omitted)

It has long been held that even a claim for spousal loss of consortium is a derivative one. *Krupa v. Williams,* 316 Pa. Super. 408, 463 A.2d 429 (1983). A surviving spouse cannot recover damages for loss of consortium separate from a wrongful death action. *Linebaugh v. Lehr,* 351 Pa. Super. 135, 505 A.2d 303 (1986). The surviving spouse's loss of consortium is one of the injuries compensated under the Wrongful Death Act. In *Linebaugh,* the decedent was killed while riding a bicycle. Suit was brought by the decedent's personal representative and his widow asserting wrongful death and survival actions as well as a separate cause of action on behalf of the widow for loss of consortium. The *Linebaugh* court held that a surviving spouse cannot maintain a separate cause of action for loss of consortium resulting from the death of a spouse but must instead recover damages for loss of the deceased spouse's society in the action for wrongful death.

There, as here, plaintiff argued that she should be able to institute suit in her own right, independent of the wrongful death and survival actions brought by the personal representative of the deceased. The Superior Court found no merit in this argument, saying:

"The purposes of the Wrongful Death Statute, 42 Pa.C.S. §8301, is to compensate 'the decedent's survivors for their pecuniary losses they have sustained as a result of the decedent's death. . . . This includes the value of the services the victim would have rendered to this family if he had lived.' A wrongful death action does not compensate the decedent; it compensates the survivors for damages which they have sustained as a result of the decedent's death.

"Under the Wrongful Death Act the widow or family is entitled, in addition to costs, to compensation for the loss of the contributions decedent would have made for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation. *The widow is also entitled to the pecuniary value of the services, society and comfort she would have received from the decedent.*

"It is clear, therefore, that the recovery in a wrongful death action includes damages for the loss of the decedent's society, which is also the essential nature of a claim for loss of consortium. To allow a surviving spouse to maintain a separate cause of action for loss of consortium in addition to the action brought on behalf of the deceased spouse under the wrongful death statute would permit a double recovery for the same death." *Linebaugh* at 138-9, 505 A.2d at 304-5. (emphasis in original)

In summary, we think plaintiff's argument is that, according to *Amadio,* if the stillborn child in that case had lived, the parents would have had an independent cause of action for negligent infliction of emotional distress. This emotional distress claim is what plaintiff is mislabelling "loss of consortium." In the instant case, the damages sought are not based on negligent infliction of emotional distress but are, rather, a *true* loss of consortium, that is, loss of affection, solace, guidance, etc. We find,

based on the case law and reasoning above that *any* loss of consortium case where death has occurred is superseded by the wrongful death statute, since the loss of consortium damages are part of the recovery. Because of this, defendant's motion for partial summary judgment must be granted.

### ORDER

And now, April 24, 1989, defendant's motion for partial summary judgment as to count III is granted.