576 A.2d 1085

Kathleen NOVELLI, Executrix of the Estate of
George Novelli, Appellant,

v.

JOHNS–MANVILLE CORPORATION, Raybestos Manhattan,
Nicolet Industries, Inc., GAF Corporation, Unarco Industries,
J.P. Stevens, Inc., Garlock, Inc., Celotex Corporation, Amatex
Corporation, Owens–Corning Fiberglas Corporation, Keasbey
Mattison, Johns–Manville Sales Corp., Forty–Eight Insula-
tions, Inc., Pittsburgh, Corning Corporation, Owens–Illinois
Glass Company, H.K. Porter, Inc., Eagle–Picher Industries,
Inc., U.S. Rubber, Uniroyal, Inc., Pacor, Inc., Asbestos Textile
Institute, Asten–Hill, Keene Corporation (Two Cases).

Kathleen NOVELLI, Executrix of the Estate
of George Novelli

v.

JOHNS–MANVILLE CORPORATION, Raybestos Manhattan,
Nicolet Industries, Inc., GAF Corporation, Unarco Industries,
J.P. Stevens, Inc., Garlock, Inc., Celotex Corporation, Amatex
Corporation, Owens–Corning Fiberglas Corporation, Keasbey
Mattison, Johns–Manville Sales Corp., Forty–Eight Insula-
tions, Inc., Pittsburgh Corning Corporation, Owens–Illinois
Glass Company, H.K. Porter, Inc., Eagle–Picher Industries,
Inc., U.S. Rubber, Uniroyal, Inc., Pacor, Inc., Asbestos Textile
Institute, Asten–Hill, Keene Corporation.

Appeal of The CELOTEX CORPORATION.

Superior Court of Pennsylvania.

Argued March 22, 1990.

Filed June 19, 1990.

146

Joseph D. Shein, Philadelphia, for appellant (at 2712 and 2713) and appellee (at 2807).

Albert J. Smith, Jr., Philadelphia, for Celotex, appellant (at 2807) and appellees (at 2712 and 2713).

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

These cross-appeals are from an Order and judgment entered on September 11, 1989 awarding plaintiff-appellant, Kathleen Novelli, a total of $825,000 in connection with a suit she and her now-deceased husband brought against defendant-cross-appellant and several other defendants for (a) injuries he suffered by inhaling asbestos they manufactured; and (b) Kathleen Novelli's loss of consortium. In her appeal, appellant Novelli claims, *inter alia,* that the damages awarded for her loss of consortium claim should have extended beyond the date of her husband's death. In its cross-appeal, Celotex also raises a claim, *inter alia,* regarding delay damages. Specifically, Celotex argues that the trial court erred in awarding Rule 238 [1] delay damages for the portion of the verdict that represents Novelli's

1. Pa.R.Civ.P. 238, 42 Pa.C.S.A.

recovery for loss of consortium. For the reasons that follow, we find neither party's claims meritorious, and, accordingly, we affirm the judgment of the trial court.

The decedent, George Novelli, received extensive exposure to asbestos while employed as a rigger's helper in the Philadelphia Naval Shipyard from 1965 to approximately 1971. In November of 1981 the decedent was diagnosed as having Mesothelioma, an asbestos-related form of lung cancer. On December 4, 1981, he and his wife, appellant Kathleen Novelli, filed a products liability action against several defendants, including cross-appellant Celotex Corporation. The decedent died on April 4, 1982. The case proceeded to trial before a jury, and on March 14, 1989, the jury returned a verdict awarding $700,000 for compensatory damages to the decedent, and $125,000 for loss of consortium to Kathleen Novelli. Celotex moved for Judgment Notwithstanding the Verdict on March 28, 1989.[2] On March 31, 1989, Novelli moved for a Limited New Trial on damages. Both of those motions were denied, and judgment was entered for Novelli in the total amount of $825,000 on September 11, 1989.[3] Novelli also moved for delay damages in March of 1989. That Petition was amended on August 18, 1989. In response, Celotex filed a Motion for Apportionment of the Delay Damages. Both motions were granted on September 20, 1989, and Novelli was awarded $56,309.12 in delay damages. The verdict was molded to reflect the delay damage award, and was reduced to judgment. These timely cross-appeals followed.

I.

■ Novelli claims that the damages awarded for her loss of consortium claim should have extended beyond the

2. All defendants except Celotex Corporation had settled with plaintiff-appellant prior to the end of the trial.

3. Although a review of the Notes of Testimony reveals that the jury returned a verdict in the above-mentioned amounts, the trial court entered judgment on the verdict by awarding $750,000 to the decedent's estate and $75,000 to plaintiff-appellant for loss of consortium. *See* Trial Court Order, September 11, 1989. The record is not clear regarding why the amounts attributable to the claims changed. Neither party raises a claim relating to this apparent discrepancy.

date of her husband's death.[4] She notes that an award for loss of consortium is designed to compensate a party for losses resulting from a spouse's death or injury. Therefore, she argues, because she is still suffering the loss of her husband's society and companionship, compensation for her loss of consortium, to be complete, should include her suffering beyond the date of his death to his life expectancy. When viewed in terms of the principle that a party should be fully compensated for his or her entire loss, Novelli argues, the trial court limitation on her consortium recovery is inequitable.

In Pennsylvania, loss of consortium has been recognized as:

[A] right growing out of the marriage relationship which the husband and wife have respectively to the society, companionship and affection of each other in their life together. As thus defined and limited, any interference with this right of consortium by the negligent injury to one spouse, should afford the other spouse a legal cause of action to recover damages for that interference.

*Burns v. Pepsi–Cola Metro. Bottling Co.*, 353 Pa.Super. 571, 575, 510 A.2d 810, 812 (1986) (citation omitted). Appellant has cited no Pennsylvania cases, and our research has revealed none, that specifically address the issue of whether damages for loss of consortium should extend to the time after the decedent's death. However, it appears that most jurisdictions limit such damages to the time between a spouse's injury and his death. *See, e.g., Nenoff v. Thompson*, 480 F.2d 1221 (6th Cir.1973); *Burke v. United States*, 605 F.Supp. 981, (D.Md.1985); *Archie v. Hampton*, 112 N.H. 13, 287 A.2d 622 (1972). This position is also taken by

---

**4.** Novelli also argues that: (1) the delay damages assessed against Celotex should have been based on the entire verdict; and (2) the trial court erred in refusing to admit testimony regarding the decedent's potential loss of earning power to age 70. After carefully reviewing the record and the briefs submitted by the parties, we conclude that the trial court adequately addressed and properly disposed of these arguments in its Opinions. Accordingly, we need not further address them here.

the *Restatement (Second) of Torts* (1977), which states that:

In case of death resulting to the impaired spouse, the deprived spouse may recover under the rule stated in this Section [regarding compensation for loss of consortium] only for harm to his or her interests and expense incurred between the injury and death. For any loss sustained as a result of the death of the impaired spouse, the other spouse must recover, if at all, under a wrongful death statute.

*Id.* § 693 comment f.[5] Appellant has offered no persuasive reason for us to depart from the traditional limitation. Accordingly, we decline to hold that plaintiff-appellant is entitled to recover for loss of consortium past the date of her husband's demise.

## II.

▬▬ Celotex Corporation argues that the trial court erred in awarding Rule 238 delay damages for the portion of the verdict that represents Kathleen Novelli's recovery for loss of consortium.[6] Specifically, Celotex argues that

**5.** *Accord* 41 C.J.S. Husband and Wife § 401(5) (1944) ("Under common law principles a husband may recover for consequential damages, such as loss of services and consortium, resulting from injuries to his wife which eventually end in her death, but the estimate of damages stops at the moment of death.") *Id.* Although this language refers to the common law rule, which recognized only the right of a husband to recover for loss of consortium, Pennsylvania has extended the rule to include wives. *See Hopkins v. Blanco,* 457 Pa. 90, 320 A.2d 139 (1974).

**6.** Celotex also argues that its motion for judgment notwithstanding the verdict should have been granted because: (1) Novelli failed to meet the burden of proof required to show that the decedent inhaled asbestos fibers emitted by its product; and (2) Novelli failed to provide that Celotex's failure to warn the decedent of the dangers of its product was the proximate cause of his injuries.

After carefully reviewing the record and the briefs submitted by the parties, we conclude that the trial court has adequately disposed of Celotex's first two claims in its opinion. Accordingly, we need not further address them here.

Finally, Celotex argues that (3) Rule 238 is unconstitutional because it violates its rights to due process and equal protection. We have carefully examined Celotex's post-verdict motions, and can find no reference to this issue. Accordingly, it is waived. *See* Pa.R.Civ.P.

delay damages should not have been predicated upon the loss of consortium claim because loss of consortium is not a claim "for bodily injury, death or property damage." We disagree.

Pa.R.Civ.P. 238 provides, in relevant part, that:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury....

*Id.* at 238(a)(1). The current version of Rule 238 was derived from principles explicated in our Supreme Court's decision in *Craig v. Magee Mem. Rehab. Ctr.*, 512 Pa. 60, 515 A.2d 1350 (1986). The *Craig* court discussed the general purpose of delay damages, as follows:

Rule 238 was promulgated as an exercise of this Court's rule-making authority. It was a bold experiment that seemed reasonable, salutary and equitable. It was reasonable because it sought to clear dockets cluttered by unreasonable refusals to pay what was owed. It was salutary in that it provided a penalty for profiting by denying what was due. It was equitable because it compensated for loss caused by an unreasonable refusal to correct a tortious injury.

*Id.*, 512 Pa. at 64, 515 A.2d at 1352. Although *Craig* revised the old Rule, and the old Rule has since been replaced by present Rule 238, the purpose of the Rule has remained the same.

227.1; *Ecksel v. Orleans Constr. Co.,* 360 Pa.Super. 119, 519 A.2d 1021 (1987). We also note that, even if the claim were properly preserved and we agreed with Celotex, it would be inappropriate for the Superior Court to hold the Rule, promulgated by our Supreme Court, unconstitutional. *Dietrich v. J.I. Case Co.,* 390 Pa.Super. 475, 568 A.2d 1272 (1990) (any determination regarding constitutionality of Rule 238 can only emanate from Supreme Court). Finally, we note that the claim clearly is meritless. *See id.* (Rule 238 not patently unconstitutional); *Shellhamer v. Grey,* 390 Pa.Super. 122, 568 A.2d 224 (1989) (Rule 238 held not unconstitutional on equal protection and due process grounds).

The specific question we must determine is whether loss of consortium damages are in the nature of damages for "bodily injury, death or property damage." Although it is true that a spouse suing for loss of consortium is not seeking compensation for his or her own physical injuries, our courts have recognized that a loss of consortium claim is inextricably intertwined with the underlying action for personal injury. For example, in *Linebaugh v. Lehr*, 351 Pa.Super. 135, 505 A.2d 303 (1986), the decedent was killed when the bicycle on which he was riding was hit by an automobile driven by the defendant. The issue in *Lehr* was whether the decedent's widow had a separate cause of action for loss of consortium in addition to her right to recover for wrongful death. We held that no separate cause of action exists for loss of consortium if a suit has been brought for wrongful death. In so holding, we noted that:

> The consortium claim and the personal injury claim are closely interconnected; *together, they represent the total, compensable damages—direct and indirect—suffered as a result of the principal plaintiff's injury....* The consortium plaintiff ... has suffered no direct injury.... Her right to recover is derived, both in a literal and legal sense, from the injury suffered by her spouse.

*Id.*, 351 Pa.Superior Ct. at 137, 505 A.2d at 304 (emphasis added). In light of the derivative nature of the action for loss of consortium, we are satisfied that loss of consortium is part of the total compensable damages arising from the decedent's bodily injuries, and we hold that loss of consortium is part of "what was owed" under *Craig*.

We find further support for this conclusion by noting that not to allow delay damages for loss of consortium awards would undermine the purpose of Rule 238. As noted above, Rule 238 is designed to encourage responsible approaches to these cases and prevent unreasonable refusals to pay what is owed for tortious injury. Here, Celotex's refusal to settle delayed compensation to Novelli for both the dece-

dent's claim and her loss of consortium. We see no reason to let Celotex benefit from this delay.

In summary, we hold that, because loss of consortium is part of the total compensable damages related to the decedent's injuries, Rule 238 delay damages may be assessed on awards for loss of consortium. *Accord Hughes v. GAF Corp.*, 364 Pa.Super. 311 (1987) (delay damage award based on molded verdict which included award for loss of consortium), *appeal denied* 517 Pa. 623, 538 A.2d 876 (1988); *Kowal v. Commonwealth, Dept. of Transp.*, 100 Pa. Commw. 593, 515 A.2d 116 (1986) (delay damages in personal injury suit based in part on award for loss of consortium). The trial court, therefore, did not err in imposing delay damages based on Novelli's award for loss of consortium in connection with her husband's death.

For the foregoing reasons, we affirm the judgment of the trial court.

Judgment affirmed.