SCOTT, J.,
Melodie Mease, in her individual capacity as a plaintiff, appeals our order of October 31, 1990 to the Superior Court, sustaining the preliminary objections of defendants.
Melodie Mease, as the administratrix of the estate of Ernest Carl Mease Jr., deceased, and on her own behalf, filed a complaint against the Commonwealth of Pennsylvania, the Pennsylvania State Police, Trooper Teodoro Huertas and Trooper Jacqueline G. Butler as a result of an incident that took place on August 5, 1988. While attempting to apprehend a suspected felon on a bench warrant, defendant Huertas’ gun discharged and plaintiff’s decedent was shot and killed behind Quakertown Farmer’s Market. Count I of plaintiff’s complaint is entitled wrongful death and count II is entitled survival action. The damages clause of the complaint requests four types of damages, which include not only survival and wrongful death damages, but also compensatory damages for plaintiff Mease, in her own right, and attorney’s fees, interest and costs.
Defendant, the Commonwealth of Pennsylvania, filed preliminary objections to plaintiff’s complaint asserting that Melodie Mease, in her own right, is not a proper party plaintiff and requesting the court to dismiss Melodie Mease from the action. Additionally, defendants assert that the complaint fails to state a cause of action for a claim against defendants for fees and, accordingly, the request for attorney’s fees should be stricken.
Our order of October 31, 1990 sustained the preliminary objections and dismissed Melodie *386 Mease, in her own right, as a plaintiff in this action. Thereafter, the plaintiff instituted this appeal.
The issue in this case is controlled by the precedent set in Slaseman v. Myers, 309 Pa. Super. 537, 455 A.2d 1213 (1983) and reiterated in Linebaugh v. Lehr, 351 Pa. Super. 135, 505 A.2d 303 (1986).
In Slaseman, the decedent was killed when the motorcycle he was riding was struck by the defendant’s automobile. The court in Slaseman ruled that under the wrongful death act the widow or family is entitled to compensation for the loss of the contrir butions decedent would have made to such items as food, clothing, medical care, education, entertainment, gifts and recreation. The widow is also entitled to the pecuniary value of the services, society and comfort she would have received from the decedent. Slaseman, citing Spanfer v. Helm’s New York-Pittsburgh Motor Express, 396 Pa. 482, 485, 153 A.2d 490, 492 (1959).
In Linebaugh v. Lehr, 351 Pa. Super. 135, 505 A.2d 303 (1986), the decedent was killed when the bicycle on which he was riding was hit by an automobile driven by the decedent. The issue in Lehr was whether the decedent’s widow had a separate cause of action for loss of consortium in addition to her right to recover for wrongful death. The court held that no separate cause of action exists for loss of consortium if a suit has been brought for wrongful death. It is clear, therefore, that to allow a surviving spouse to maintain a separate cause of action for loss of consortium in addition to the action brought on behalf of the deceased spouse under the wrongful death action would permit a double recovery for the same death.
Accordingly, in the instant case, the surviving spouse’s additional claim for loss of consortium was dismissed.