603 A.2d 679

**Melodie MEASE, Administratrix of the Estate of Ernest Carl Mease, Jr., Deceased, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE POLICE and Teodoro Huertas, Jacqueline G. Butler and Michael Swift, also known as Michale Burns, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.

Decided Feb. 5, 1992.

Anita F. Alberts, for appellant.

Alton G. Grube, Sr. Deputy Atty. Gen., for appellees.

Before CRAIG, President Judge, COLINS, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Melodie Mease (Mease) appeals the order of the Court of Common Pleas of Bucks County which sustained the Preliminary Objections of the defendants-appellees and dismissed Mease as a plaintiff in her individual capacity in this wrongful death and survival action.

Mease filed suit as administratrix of the estate of Ernest Carl Mease (Decedent) and in her own behalf, against the Commonwealth of Pennsylvania, Pennsylvania State Police, and Teodoro Huertas (Huertas) and Jacqueline G. Butler (Butler), both individually and in their capacity as Pennsylvania State Troopers. The events leading to the filing of the suit took place on August 5, 1988, when Huertas and Butler attempted to apprehend a suspected felon near the Quakertown Farmer's Market. While the troopers struggled with the suspect, he (the suspect) removed Huertas' gun from its holster; the gun discharged and a bullet struck and killed Decedent, Mease's husband, who was a bystander. In her complaint, Mease averred that the defendants are sued pursuant to Section 8522(b)(3) of the Judicial Code, 42 Pa.C.S. § 8522(b)(3), the personal property exception to governmental immunity, for negligence in the care, custody or control of the handcuffs issued to Butler, the .357 magnum revolvers issued to both troopers, the bullets issued to both troopers and the flashlight issued to Butler.

The complaint was predicated upon two counts, one for wrongful death and the other for survival. Mease sought the following relief, (1) compensatory damages for Mease in her own right, (2) compensatory damages for Decedent's estate in the survival action, (3) compensatory damages for Mease and her children in the wrongful death action, and (4) attorney fees, interest and costs.

The Commonwealth parties (the state police and Huertas and Butler) filed Preliminary Objections in the Nature of a Demurrer. The Commonwealth averred that, pursuant to Section 8301 of the Judicial Code, 42 Pa.C.S. § 8301, and Pa.R.C.P. 2202, the administrator of an estate is the proper party to bring a survival action. The Commonwealth fur-

ther averred that Mease, in her complaint, attempted to state a cause of action for negligent infliction of emotional distress, in her own right, although there was no separate count for that action. The Commonwealth requested that the trial court dismiss any claim for negligent infliction of emotional distress and Mease's claim for compensatory damages in her own right, and to strike Mease as a plaintiff in her own right in this cause of action, as well as dismissing Mease's claim for attorney's fees. In her Brief in Opposition to the Preliminary Objections, Mease contended that she is entitled to claim a loss of consortium. The trial court, by order dated October 31, 1990, sustained the Commonwealth's Preliminary Objections and dismissed Mease as a plaintiff in her individual capacity.

The issue before us is whether Mease is entitled to a separate recovery against the Commonwealth for loss of consortium in this wrongful death action brought by her Decedent's estate.[1]

The trial court relied on *Linebaugh v. Lehr*, 351 Pa.Superior Ct. 135, 505 A.2d 303 (1986), for the proposition that a surviving spouse cannot maintain a separate cause of action for loss of consortium in addition to a wrongful death action because that would permit a double recovery for the same death. In *Linebaugh*, the decedent was killed when the bicycle he was riding was struck by an automobile. The decedent's personal representative and his widow filed a three count complaint against the driver of the car, asserting wrongful death and survival actions as well as a separate cause of action for loss of consortium. The insurer of the driver acknowledged liability and offered to settle the wrongful death and survival actions for the policy limits of $25,000.00. The offer was accepted and the settlement was approved by the court. The widow thereafter insisted she had a separate and independent claim for loss of consor-

---

**1.** Our scope of review, when reviewing a trial court's order sustaining preliminary objections, is limited to determining whether the trial court erred as a matter of law or committed a manifest abuse of discretion. *Deveaux v. Palmer*, 125 Pa.Commonwealth Ct. 631, 558 A.2d 166 (1989).

tium. The insurer petitioned the court for declaratory judgment to obtain an adjudication regarding its liability on the separate claim for loss of consortium. The trial court held that the widow did not have a separate claim for loss of consortium and dismissed her claim. The Superior Court affirmed the decision and held that the widow was limited to recovering damages for the loss of her husband's society in the wrongful death action.

Mease argues that *Linebaugh* is inapposite to the present case because there was no settlement here. Mease relies on Section 8528 of the Judicial Code, 42 Pa.C.S. § 8528, which provides for the recovery of damages for loss of consortium in a claim against a Commonwealth party, to support her argument that she is entitled to her claim as a separate plaintiff in addition to the estate's recovery in its survival action.

The Commonwealth counters that, under the statutes of Pennsylvania and the Rules of Civil Procedure, a widow, as an individual, is not a proper plaintiff in a wrongful death and survival action. Pa.R.C.P. 2202 provides that an action for wrongful death shall be brought only by the personal representative of the decedent; in this instance, Mease as administratrix of her husband's estate, is the only proper party. The Commonwealth further maintains that a claim for loss of consortium is not proper in an action in which the plaintiff's spouse is deceased. We agree.

Section 8528(c)(4) of the Judicial Code, 42 Pa.C.S. § 8528(c)(4), provides that damages for loss of consortium are recoverable from the Commonwealth. In *Huda v. Kirk*, 122 Pa.Commonwealth Ct. 129, 551 A.2d 637 (1988), *allocatur denied*, 524 Pa. 613, 569 A.2d 1371 (1989), we held that damages for loss of consortium are recoverable under a wrongful death action against the Commonwealth. *Huda* did not involve the question of whether the surviving spouse can maintain a separate action, in addition to the wrongful death action, for loss of consortium. That question was addressed in *Linebaugh*, supra, wherein the Superior Court stated:

The purpose of the Wrongful Death Statute, 42 Pa.C.S. § 8301, is to compensate "the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death.... This includes the value of the services the victim would have rendered to his family if he had lived." *Slaseman v. Myers*, 309 Pa.Super. 537, 545, 455 A.2d 1213, 1218 (1983). A wrongful death action does not compensate the decedent; it compensates the survivors for damages which they have sustained as a result of the decedent's death. See: *Dennick v. Scheiwer*, 381 Pa. 200, 201, 113 A.2d 318, 319 (1955).

> Under the wrongful death act the widow or family is entitled, in addition to costs, to compensation for the loss of the contributions decedent would have made for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation. *The widow is also entitled to the pecuniary value of the services, society and comfort she would have received from the decedent.*

*Slaseman v. Myers*, supra 309 Pa.Super. at 549, 455 A.2d at 1220 (emphasis added), citing *Spangler v. Helm's New York–Pittsburgh Motor Express*, 396 Pa. 482, 485, 153 A.2d 490, 492 (1959). See: *Altamuro v. Milner Hotel, Inc.*, 540 F.Supp. 870 (E.D.Pa.1982). It is clear, therefore, that recovery in a wrongful death action includes damages for the loss of the decedent's society, which is also the essential nature of a claim for loss of consortium. To allow a surviving spouse to maintain a separate cause of action for loss of consortium in addition to the action brought on behalf of the deceased spouse under the wrongful death statute would permit a double recovery for the same death.

351 Pa.Superior Ct. at 138–139, 505 A.2d at 304–305.

In the present case, Mease brought both a wrongful death and a survival action. The recovery she seeks for loss of consortium will be provided in any damages she may recover in the wrongful death action. Accordingly, upon determination that the trial court did not err as a matter of

law and did not commit a manifest abuse of discretion, we affirm the trial court's order sustaining the Commonwealth's preliminary objections.

## ORDER

AND NOW, this 5th day of February, 1992, the order of the Court of Common Pleas of Bucks County, dated October 31, 1990, is affirmed.