## Seghetti v. Heritage Resorts of Gettysburg

*James W. Bentz,* for plaintiffs.
*Walton V. Davis,* for defendant.

KUHN, *J.,* April 7, 1993—After opinion and order dated September 25, 1991 granting defendant's preliminary objections, plaintiffs filed an amended complaint on October 10, 1991. Defendant has filed another set of preliminary objections which are before the court for disposition.

Count I of the amended complaint alleges that as a result of fraudulent misrepresentation, plaintiffs were induced into entering into a membership agreement for which they paid an initiation fee of $3,600. Plaintiffs

seek, inter alia, delay damages. Defendant moved to strike any claim for delay damages.

A motion to strike is permitted under Pa.R.C.P. 1028(a)(2) for failure of a pleading to conform to a rule of court. Pa.R.C.P. 238 allows an award of delay damages "in a civil action seeking monetary relief for bodily injury, death or property damage." The instant action involves none of these types of injury nor is it derivative of an underlying personal injury or property damage case. See *Novelli v. Johns-Manville Corp.*, 395 Pa. Super. 144, 576 A.2d 1085 (1990). Therefore, the request for delay damages shall be stricken.

In addition, plaintiffs seek attorney's fees in both Count I and II, the latter being a breach of contract action. Defendant moves to strike their requested relief. Plaintiffs argue they are entitled to request attorney's fees pursuant to 42 Pa.C.S. §2503.

As a general rule entitlement to counsel fees must be based upon contract or statutory allowance. Plaintiffs correctly point to 42 Pa.C.S. §2503 as some statutory authority for the award of counsel fees. However, plaintiffs have failed to plead any underlying facts which would support a claim for counsel fees under the enumerated subsections. Clearly, subsections (1) through (5), (8) and (10) are not applicable. Subsections (6) and (7) refer to awarding fees as a sanction against another party's conduct during the pendency of the matter. Prelitigation conduct would not support such a sanction, *Cher-Rob Inc. v. Art Monument Co.*, 406 Pa. Super. 330, 594 A.2d 362 (1991), and none has been pleaded. Subsection (9) speaks to sanctions against one commencing an action. Here, because defendant did not commence the action, this subsection is inapplicable.

Thus, the only potentially applicable subsections are (6) and (7). I agree with the approach followed in

*Shevchik v. Zwergel,* 8 D.&C.4th 66 (1990). There Judge Loughran observed:

"This court is of the opinion that a claim asserted pursuant to 42 Pa.C.S. §2503 is not properly raised at this time but should be raised at the conclusion of the underlying action, utilizing the record and history in the underlying action as a basis to support the claim.

"To hold otherwise would raise ancillary matter in every litigation that would serve only to complicate the issues and perhaps even keep a jury from embarking on a rightful path. These are matters that are best decided by the court upon a petition at the conclusion of the case. In this manner the issues would be reserved for the court and not be entwined with the issues being tried by a jury. Accordingly, the right to bring such a claim is preserved but separated and heard when all the facts in the underlying case are known." 8 D.&C.4th at 67.

Defendant's motion to strike the request for attorney's fees will be granted without prejudice so that plaintiffs may raise the claim by petition with supporting averments once, if ever, a basis therefor has been established.

Next, defendant argues entitlement to a demurrer or more specific pleading as to Count I. The guidelines used to determine whether a demurrer should be granted were set forth in the earlier opinion and need not be repeated herein. However, with those principles in mind defendant's motion shall be addressed.

In a footnote in this court's earlier opinion, it was pointed out that a cause of action for fraud must allege a misrepresentation of a past or present material fact and that an oral representation to perform in the future in exchange for present consideration does not qualify as an act of fraud, citing *Krause v. Great Lakes Holdings Inc.,* 387 Pa. Super. 56, 563 A.2d 1182 (1989), *alloc.*

*den.,* 574 A.2d 70 (1990). It was suggested that a promise to give gifts in the future in exchange for the payment of the initiation fee would not constitute the misrepresentation of a past or present fact. Defendant has focused upon this notation in arguing that plaintiffs have not pleaded the misrepresentation of a past or present fact.

On the contrary, however, plaintiffs' amended complaint has corrected the problem to which I earlier alluded, at least at the pleading stage. Plaintiffs aver that during a presentation on December 16, 1986, defendant's agents represented that a camera, projector or television and an expense-paid dream vacation to Hawaii were available and would be received if plaintiffs entered membership that day (para. 5). Plaintiffs further aver that these gifts or prizes were not in existence as prizes available to plaintiffs when the representations were made (para. 6, 7). These allegations, if proven, would qualify as the misrepresentation of an existing fact; therefore, the demurrer will be denied.

A motion for more specific pleading is permitted by Pa.R.C.P. 1028(a)(3); however, such a motion will be refused if the averments of the complaint are sufficient to enable the defendant to prepare his defense, *Arentz v. Arentz,* 29 Adams Leg. J. 209, 210 (1988), or to address matters which are essentially evidentiary. *Arentz v. Cullison,* 29 Adams Leg. J. 139 (1987). Greater specificity as to the alleged promises and delivery dates for the items as requested by defendant will not be required. Defendant should be able to respond whether representations were made to plaintiffs as to the existence of the items in question and whether plaintiffs were entitled to them upon becoming a member. Further detail would be essentially evidentiary and can be fleshed out during discovery.

Finally, defendant moves for a demurrer as to Count II. Therein plaintiffs aver that on December 16, 1986 they entered into a written membership agreement with defendant. They further aver that upon entering into the agreement they were promised membership cards, directories and booklets necessary to enjoy the rights and privileges of membership. Despite demand, these items were not provided according to plaintiffs, thereby preventing them from receiving consideration due from defendant. Defendant argues that the membership agreement and certificate of membership attached to the amended complaint make no reference to the items mentioned above.

Plaintiffs acknowledge that the written documents make no mention of directories and booklets although the certificate of membership provides that a purchase of membership will result in the issuance of a membership card. Nevertheless, they argue that membership confers upon them the right to use defendant's recreational facilities which are available from time to time and that when defendant breached the contemporaneous oral promise to provide the directories they were denied the opportunity to locate and utilize these facilities. Whether the obligation to provide the directories and booklets is based upon an oral promise or is an implied term of the written agreement, it is my opinion that plaintiffs have sufficiently stated a cause of action to defeat a demurrer.

ORDER OF COURT

And now, April 7, 1993, in consideration of defendant's preliminary objections to plaintiffs' amended complaint, it is ordered and directed that defendant's motion to strike the request for delay damages and

attorneys fees is granted and the demurrers to Count I and II are denied.

Defendant is granted 20 days from the date of mailing of this order to file a responsive pleading.