**Schroeder v. Anchor Darling Valve Co.**

*Aaron J. DeLuca,* for plaintiff.
*Catherine S. Straggas* and *Alexis A. Walter,* for defendants.

JELIN, *J.,* September 17, 2010—Plaintiff Brenda Lee Schroeder as the executor of the estate of Dale Lee Schroeder, deceased, and in her own right, brought suit against defendants, Melrath Gasket Inc. and Melrath Supply and Gasket Company Inc., for damages incurred as a result of Mr. Schroeder's alleged exposure to asbestos-containing products. Plaintiff alleged that exposure to defendants' asbestos-containing products caused Mr. Schroeder to develop mesothelioma and resulted in his death.

On February 17, 2010, this case proceeded as a bench trial before The Honorable Sheldon C. Jelin. Prior to the commencement of trial, plaintiff had settled with all other defendants. Thus, only the Melrath defendants remained.

Counsel for Melrath entered an appearance on September 10, 2008. Counsel withdrew on August 3, 2009.

Although defendants were properly served notice of trial, defendants did not attend trial or defend themselves in any way.

At the onset of trial, plaintiff's counsel presented the court with an order dated January 20, 2010, signed by The Honorable Sandra M. Moss. Pursuant to the order of Judge Moss, all defenses available to the defendants at trial were stricken as a result of non-compliance during discovery.

Without any defenses available to Melrath and without any appearance on behalf of Melrath, plaintiff proceeded with a non-jury trial in defendants' absence.

At the close of plaintiff's presentation, the court reviewed, considered and weighed all the evidence. On February 17, 2010, the court entered a finding in favor of plaintiff and against defendants as follows: $2,000,000 with respect to plaintiff's survival action; $3,000,000 with respect to plaintiff's claim for wrongful death action; and $5,000,000 with respect to the loss of consortium claim. In total, the damages awarded by the court amounted to $10,000,000.

On March 1, 2010, Melrath filed a motion for post-trial relief, which was denied by the trial court on April 15, 2010. Defendants now appeal the trial court's order of April 15, 2010, which denied defendants' request for post-trial relief.

## DEFENDANTS' MATTERS COMPLAINED OF ON APPEAL

Defendants' motion for post-trial relief was denied on all grounds because defendants had failed to appear at

trial and had failed to make any objections, thereby waiving any issues that may have been raised for post-trial relief. By failing to appear at the pretrial proceedings and at trial, defendants failed to preserve anything on the record relating to grounds for post-trial relief and all issues were thereby waived.

"In order to preserve an issue for post verdict relief and subsequent appellate review, a party is required to make a timely and specific objection before the trial court at the appropriate stage of the proceedings. Pa.R.C.P. 227.1(b). Failure to object will result in waiver." *Goldberg ex rel. Goldberg v. Isdaner,* 780 A.2d 654, 662 (Pa. Super. 2001). Further, Pa.R.C.P. 227.1(b) provides:

"[P]ost-trial relief may not be granted unless the grounds therefor, (1) if then available, were raised in pretrial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and (2) are specified in the motion. The motion shall state how the grounds were asserted in pretrial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds." Pa.R.C.P. 227.1(b) (2010).

Here, defendants did not preserve any issues during the pretrial proceedings or during trial by way of motion, objection, or any other method because it simply did not attend. Therefore, defendants failed to satisfy the first requirement of Pa.R.C.P. 227.1(b). Defendants also failed to satisfy the second requirement as the motion for post-trial relief did not specifically state the ways in which any of the grounds were asserted during pretrial proceedings or at trial.

Under Pa.R.C.P. 227.1(b) and *Goldberg,* defendants waived all issues related to post-trial relief.

Notwithstanding defendants' waiver of any and all grounds for relief, in an abundance of caution, this court will address defendants' statement of matters complained of on appeal.

Defendants complain of eight matters on appeal. The court will group and address them as follows:

*(1) Defendants/appellants, Melrath Gasket Inc. and Melrath Supply and Gasket Co. maintain the trial court's finding of liability and subsequent award of $10,000,000 is so contrary to the evidence as to shock one's sense of justice.*

*(2) Defendants/appellants, Melrath Gasket Inc. and Melrath Supply and Gasket Co. maintain the trial court's finding of liability and subsequent award of $10,000,000 is contrary to the weight of the evidence.*

*(3) Defendants/appellants, Melrath Gasket Inc. and Melrath Supply and Gasket Co. maintain the trial court's finding of liability and subsequent award of $10,000,000 is excessive in light of the evidence presented.*

*(4) Defendants/appellants, Melrath Gasket Inc. and Melrath Supply and Gasket Co. maintain the trial court's award of $10,000,000 is speculative.*

The first four matters complained of on appeal assert sufficiency of the evidence. The court will address them collectively. Under Pa.R.C.P. 227.1(b) and *Goldberg,* defendants waived these issues by failing to attend trial and failing to preserve any grounds for relief whatsoever. Even if the issues had been properly preserved, which they were not, defendants' claims have no merit.

A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. *Nemirovsky v. Nemirovsky,* 776 A.2d 988, 993 (Pa. Super. 2001).

The credibility of witnesses and the weight to be accorded the evidence are matters solely within the province of the fact-finder. *Commonwealth v. Cappellini,* 456 Pa. Super. 498, 505, 690 A.2d 1220, 1224 (1997). As the fact-finder, the trial court is free to believe all, some, or none of the evidence presented. *Id.* A new trial is not warranted merely because the trial judge on the facts would have arrived at a different conclusion. *Pritts v. Wigle,* 414 Pa. 309, 313, 200 A.2d 386, 388 (1964).

"In a bench trial it is the duty of the trial judge to judge credibility of the witnesses and to weigh their testimony. . . . His findings will not be reversed unless it appears that he has clearly abused his discretion or committed an error of law . . . ; for it is not the duty of an appellate court to find the facts but to determine whether there was evidence in the record to justify the trial court's finding of fact." *Weir by Gasper v. Estate of Ciao,* 521 Pa. 491, 556 A.2d 819, 824 (1989). (citations omitted)

In the case at bar, plaintiff presented evidence by way of the testimony of Brenda Schroeder, the videotaped deposition of Dale Schroeder (which related to his exposure to Melrath's asbestos-containing products), the videotaped deposition of Dr. Wesley King (treating physician), the stipulation for economic loss ($1,500,549.78), and the report of Dr. Sam Hammer (which opines that Mr. Schroeder's mesothelioma and death were caused by asbestos exposure).

The court heard testimony that Mr. Schroeder was 52 years old when he was diagnosed with mesothelioma. He had suffered the excruciating and debilitating effects of the illness for at least four years before he died at age 56. His life expectancy was an additional 26.5 years.

The court viewed pictures of Mr. Schroeder during Mrs. Schroeder's testimony, and was able to witness her reactions and demeanor regarding the illness and loss of her husband of 31 years. Additionally, the court heard evidence of Mr. and Mrs. Schroeder's signing of adoption papers to adopt a 9-year-old girl, Mrs. Schroeder's granddaughter, who was present in the courtroom during trial. The court observed the girl, witnessed her reactions and saw how she felt about Dale Schroeder.

Based on the gravity of the evidence and the severity of the circumstances in the case sub judice, particularly the testimony of Brenda Schroeder, Dale Schroeder and Dr. Wesley King, the damages awarded were not excessive, speculative, contrary to the weight of the evidence, or shocking to shock one's sense of justice. There was ample evidence of pain and suffering and the court, as fact-finder, was well within its discretion to weigh the evidence and determine the amount of damages.

*(5) Defendants/appellants, Melrath Gasket Inc. and Melrath Supply and Gasket Co. maintain the trial court committed an error of law and abused its discretion in awarding damages to [plaintiff Schroeder] for both wrongful death action and loss of consortium claim effectively permitting double recovery of damages.*

Defendants waived this issue by failing to attend trial and failing to preserve any grounds for relief whatso-

ever. Even if the issue had been properly preserved, which it was not, defendants' claim has no merit.

Defendants argue that the court improperly awarded damages in a manner that allowed a double recovery. Defendants assert that because damages in a wrongful death action include loss of financial support, services, comfort, society and affection, an award for loss of consortium is necessarily and impermissibly duplicative.

This issue has been addressed in the case of *Novelli v. Johns-Manville Corporation,* 395 Pa. Super. 144, 576 A.2d 1085 (1990), wherein the Superior Court adopted the position taken by the Restatement (Second) of Torts §693 cmt. f (1977), which states:

"In case of death resulting to the impaired spouse, the deprived spouse may recover under the rule stated in this section [regarding compensation for loss of consortium] only for harm to his or her interests and expense incurred *between the injury and death.* For any loss sustained *as a result of the death* of the impaired spouse, the other spouse must recover, if at all, under a wrongful death statute." *Novelli v. Johns-Manville Corp.,* at 149, 576 A.2d at 1087 (emphasis added); see also, Restatement (Second) of Torts §693 cmt. f (1977).

*Novelli* explained that the time frame is the important factor: a spouse may recover for loss of consortium for losses incurred *between injury and death.* Losses incurred *after death* must be recovered under a wrongful death statute.

Defendants' reliance on *Linebaugh v. Lehr,* 351 Pa. Super. 135, 505 A.2d 303 (1986), is not appropriate as the case is distinguishable. *Linebaugh* involved a dece-

dent who was struck and killed on a bicycle. There is no discussion in *Linebaugh* as to the amount of time between injury and death. It appears death was instant.

In the case at bar, there was a period of four years from the onset of the disease until the time of death.

For four years, the spouse had to witness her husband's misery, suffering, sickness and ultimate demise. For this harm, the spouse is entitled to recover under the consortium claim.

For the loss the spouse sustained as a result of the death of her husband, she is entitled to recover under the Wrongful Death Act.

Here, the court reviewed all of the evidence, including the testimony of the surviving spouse and the videotaped deposition of the decedent. The court heard testimony that Mr. Schroeder was 52 years old when he was diagnosed with mesothelioma. He had suffered the excruciating and debilitating effects of the illness for at least four years before he died at age 56.

After weighing all the evidence, the court determined the amount of damages as follows: $5,000,000 for plaintiff's loss of consortium for the four-year period of decedent's illness up until his death, and $3,000,000 under the Wrongful Death Act for the period after decedent's death up to life-expectancy (26.5 years). The loss of consortium award compensates Mrs. Schroeder for the years she suffered while her husband was ill, yet still alive. The wrongful death award compensates the widow and family for their loss after Mr. Schroeder passed away. The awards compensate for different time frames and different types of suffering: the horror of watching her

husband waste away versus the pain of his absence. The periods do not overlap and there is no double recovery. Therefore, the awards are not duplicative.

*(6) Defendants/appellants, Melrath Gasket Inc. and Melrath Supply and Gasket Co. maintain the trial court erred in denying defendants'/appellants' motion for post-trial relief*

Pa.R.C.P. 227.1(b) is clear that post-trial relief may not be granted unless two requirements are met. First, the grounds must have been preserved during pretrial proceedings or at trial. Second, the grounds must be specified in the motion for post-trial relief. As stated above, defendants did not meet either of these requirements because they neither attended the proceedings nor specified how the grounds were asserted in the motion. Defendants made a conscious decision not to provide discovery, not to attend trial either personally or by counsel, and cannot now complain. Without having met the requirements of preservation and specificity, defendants were ineligible for post-trial relief. Therefore, the court's denial of defendants' motion for post-trial relief was appropriate.

*(7) Defendants/appellants, Melrath Gasket Inc. and Melrath Supply and Gasket Co. maintain the trial court erred as the trial record lacks sufficient evidence to sustain the court's finding of liability against Melrath in that the court conducted a limited or de minimis trial only against Melrath based up on a review of documents and testimony as suggested by plaintiff's counsel.*

Defendants waived this issue by failing to attend trial and failing to preserve any grounds for relief whatso-

ever. Even if the issue had been properly preserved, which it was not, defendants' claim has no merit.

Pursuant to Judge Moss' order of January 20, 2010, all defenses available to the defendants were stricken. Defendants, who did not attend the trial and had no defenses available, presented no evidence.

Plaintiff, on the other hand, presented evidence by way of live testimony, video deposition, an expert report, and by stipulation. The evidence in this case, particularly that of Mr. Schroeder's testimony regarding his exposure to Melrath's asbestos-containing products and the expert's opinion on causation, was more than sufficient to sustain a finding of liability against defendants.

As fact-finder, the court reviewed all of the evidence presented, made determinations as to weight and credibility, and found in favor of the plaintiff. Such determinations are well within the province of the fact-finder and should not be disturbed absent an abuse of discretion.

*(8) Defendants/appellants, Melrath Gasket Inc. and Melrath Supply and Gasket Co. maintain the trial court erred as the trial record lacks sufficient evidence to sustain the court's assessment of damages against Melrath in that the court conducted a limited or de minimis trial against only Melrath based up a review of documents and testimony as suggested by plaintiff's counsel.*

Defendants waived this issue by failing to attend trial and failing to preserve any grounds for relief whatsoever. Even if the issue had been properly preserved, which it was not, defendants' claim has no merit.

As with Melrath's first four matters complained of above, this claim attacks the sufficiency of the evidence.

A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. *Nemirovsky v. Nemirovsky,* 776 A.2d 988, 993 (Pa. Super. 2001).

The credibility of witnesses and the weight to be accorded the evidence are matters solely within the province of the fact-finder. *Commonwealth v. Cappellini,* at 505, 690 A.2d at 1224. As the fact-finder, the trial court is free to believe all, some or none of the evidence presented. *Id.* A new trial is not warranted merely because the trial judge on the facts would have arrived at a different conclusion. *Pritts v. Wigle,* at 313, 200 A.2d at 388.

In the case at bar, there was ample evidence of pain and suffering and the court, as fact-finder, was well within its discretion to weigh the evidence and determine the amount of damages. Upon reviewing all of the evidence presented, this court found in favor of the plaintiff and against the defendants in the amount of $10,000,000. Absent an abuse of discretion, such findings should not be disturbed.

## CONCLUSION

As a result of the foregoing, this court respectfully requests that the order dated April 15, 2010, which denied defendants' motion for post-trial relief, be affirmed.