667 A.2d 237

**Sandra L. ZERR and Ralph E. Zerr, Jr., Appellants,**

**v.**

**ERIE INSURANCE EXCHANGE.**

Superior Court of Pennsylvania.

Argued June 28, 1995.

Filed Oct. 31, 1995.

452

Thomas P. Lang, York, for appellants.

Thomas E. Brenner, Harrisburg, for appellee.

Before ROWLEY, President Judge, and HUDOCK and CERCONE, JJ.

ROWLEY, President Judge:

■   This appeal, brought by appellants Sandra L. Zerr and Ralph E. Zerr, Jr.[1] against their automobile insurer, appellee Erie Insurance Exchange, presents an issue of first impression in the Commonwealth: whether the term "bodily injury," as found in appellee's insurance policy and in the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701, *et seq.*, includes mental illnesses manifested by physical symptoms.

On March 10, 1992, Ralph E. Zerr, Jr. was driving his car eastbound on the Pennsylvania Turnpike.   An unidentified

1.   Sandra L. Zerr, wife, was the named insured on the policy;  Ralph E. Zerr, Jr., husband, was an insured driver under the same policy.

tractor trailer allegedly attempted to change lanes too quickly after passing Mr. Zerr's vehicle. To avoid a collision, Mr. Zerr swerved his car away from the truck and proceeded off the turnpike before coming to a stop. The two vehicles never made contact with one another, and Mr. Zerr suffered no physical harm at the scene.

Subsequently, however, Mr. Zerr began suffering "mental illness and emotional injuries," as a result of the incident. He was unable to return to work, and began treatment with a therapist, who diagnosed Mr. Zerr as suffering from Posttraumatic Stress Disorder, globus hystericus, anxiety attacks, driving phobia and numerous physical symptoms allegedly caused by the emotional experience on the roadway. Mr. Zerr made a claim to appellee for first party benefits under his automobile policy, but appellee denied responsibility.

Thereafter, appellants instituted the instant suit. Appellee responded by filing preliminary objections in the nature of a demurrer, arguing that because Mr. Zerr admittedly suffered no physical injuries at the time of the incident, appellants failed to state a cause of action and, therefore, the complaint should be dismissed. Appellants then filed a brief in opposition to appellee's preliminary objections and demurrer, claiming that because Mr. Zerr's emotional injuries have manifested themselves in physical symptoms he should be awarded benefits under appellee's insurance policy. Both parties requested oral argument on the issue of whether appellants had stated a claim upon which relief could be granted. The trial court held oral arguments on December 13, 1994, at the conclusion of which the trial court directed both parties to file supplemental briefs on a second issue raised by appellants for the first time that day: whether the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.,* is applicable to the instant matter. Both appellants and appellee filed briefs on the ADA issue. Thereafter, the trial court entered the following order, from which appellants now appeal:

AND NOW, this 23rd day of January, 1995, upon consideration of [appellee's] preliminary objections, the briefs filed by counsel and after oral argument, it is hereby ORDERED

that [appellee's] preliminary objections are granted and the complaint is hereby dismissed.

Trial Court Order (Stengel, J.), 1/24/95.

Thus, appellants claim on appeal that the trial court erred in granting appellee's preliminary objections in the nature of a demurrer. They argue that (1) the insurance policy should provide first party medical and wage loss benefits to Mr. Zerr for his mental injuries, because physical symptoms resulted from the irregular mental condition, and (2) the MVFRL is violative of the ADA. In reviewing appellants' appeal, we are mindful of the following:

Our standard of review in appeal from an order sustaining preliminary objections in the nature of a demurrer is the same as that which the trial court employs: all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true for purposes of review. However, we cannot accept as true conclusions of law. The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim on which relief may be granted. A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory.

*Pittsburgh National Bank v. Perr*, 431 Pa.Super. 580, 584, 637 A.2d 334, 336 (1994) (citations omitted).

The instant controversy is centered around the language of appellee's insurance policy, which was in effect for appellants on the date of the accident, and of the MVFRL. Specifically, we must determine whether the definitions provided by either source include coverage for an accident victim who suffers physical symptoms that result from a mental and emotional condition caused by a motor vehicle accident. The insurance policy provides in relevant part:

## DEFINITIONS

"bodily injury" or "injury" means accidental bodily harm to a person and that person's resulting illness, disease or death.

.    .    .    .    .

## OUR PROMISE

As selected in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, as amended, we will pay for:

(1) medical expenses,

(2) funeral expenses, and

(3) income loss,

arising from bodily injury to any person we protect due to an accident resulting from the maintenance or use of a motor vehicle as a vehicle. We will pay these benefits no matter who is at fault in the accident.

.    .    .    .    .

## FIRST PARTY BENEFITS

## MEDICAL EXPENSES

We will pay necessary charges for:

(1) medical treatment, including but not limited to:

  (a) medical, hospital, surgical, nursing and dental services;

  (b) medications, medical supplies and prosthetic devices; and

  (c) ambulance.

(2) medical and rehabilitative services, including but not limited to:

  (a) medical care;

  (b) licensed physical therapy, vocational rehabilitation and occupational therapy;

  (c) osteopathic, chiropractic, psychiatric and psychological services; and

(d) optometric services, speech pathology and audiology. Erie Insurance Exchange Auto Endorsement.

The MVFRL offers the following as its definition of "injury" for the purposes of financial responsibility, and states that the word shall have the meaning given, unless clearly indicated otherwise by the context:

"Injury." Accidentally sustained bodily harm to an individual and that individual's illness, disease or death resulting therefrom.

75 Pa.C.S. § 1702.

Appellants argue that the emphasis in the definitions should be on "person" and/or "individual", claiming that appellee and/or the legislature intended to differentiate a person from personal or real property. Moreover, appellants claim that sections 1712 and 1713 (relating to availability of benefits and source of benefits to those injured, respectively) describe the availability of awards to which they are entitled under the MVFRL.

■ However, we find that the definitions of injury, found in both appellee's insurance policy and the MVFRL, state that the illness, disease, or death one suffers, and to which a policy holder is due a benefit, are those that are the *result of* a bodily injury. In the instant action, appellants claim is that Mr. Zerr suffered mental injuries as a result of an automobile accident, and that as a result of mental injuries he subsequently experienced physical symptoms. In other words, his injury did not result in an illness, but rather his illness resulted in a bodily injury. His is, therefore, not the type of injury specified under either appellee's policy or the MVFRL, *supra.*

In addition, we are mindful of the prior interpretations given to the phrase "bodily injury" by this Court. In *Needleman v. Liberty Mutual Fire Insurance Company,* 352 Pa.Super. 288, 507 A.2d 1233 (1986), this Court held that family members, who witnessed another family member struck and killed by a passing automobile, were neither "victims" nor did they suffer "injury," as defined under the Pennsylvania No-

fault Motor Vehicle Insurance Act.[2] Moreover, this Court found that the common and approved usage of "bodily injury" connotes a physical, rather than a mental, condition. In *Jackson v. Travelers Insurance Company,* 414 Pa.Super. 336, 606 A.2d 1384 (1992) *appeal granted* 533 Pa. 625, 620 A.2d 491 (1993), this Court was faced with the issue of whether the Assigned Claims Plan [3] provided uninsured motorist coverage for a husband who suffered mental trauma after witnessing his wife struck and killed by an automobile. In finding that the husband was not eligible for benefits, this Court reasoned that section 1702 of the MVFRL does not extend "injury" to include mental hardship.

We note, however, that differences exist between the instant case and both *Needleman* and *Jackson.* In neither of those cases did this Court address the issue of the *actual accident victim* suffering an injury, pursuant to the MVFRL or an independent insurance policy, when he or she experiences mental difficulties that necessitate psychological care. Both cases, as discussed *supra,* addressed the issue in the context of family witnesses, whereas in the instant matter our question is whether the actual victim is due insurance coverage. Furthermore, neither *Needleman* nor *Jackson* include sufficient factual history of the cases such that we can determine if the plaintiffs' mental traumas escalated to include actual physical symptoms, as is present in the instant matter.

Nonetheless, we find that neither the legislature nor the Pennsylvania Supreme Court has yet to erect a bridge between bodily injury and mental injury, in the context of automobile insurance law; that is, a distinction between physical and psychological maladies remains, such that one who suffers psychological illness cannot successfully claim benefits under the MVFRL for "injury". Though appellants argument is intriguing—that the current interpretation of the MVFRL separates the mind from the body, and ought not—we will not today begin further analysis into whether mental and bodily

2. Repealed by Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

3. Subchapter E of the MVFRL, at § 1751, *et seq.*

injury should be consolidated for the purposes of the MVFRL. That issue must be addressed, if at all, by the legislature or Supreme Court.

Therefore, accepting as true all material facts in appellants' complaint and the reasonable inferences drawn therefrom, we hold that the law states with certainty that no recovery is possible, by means of the MVFRL or appellee's policy, for mental injury which is not the result of a bodily injury. We thus affirm the trial court's granting of appellee's preliminary objections in the nature of a demurrer.

█ We reject appellants' second claim, that the MVFRL violates the ADA, by simply noting that the ADA, which was not in effect at the time of Mr. Zerr's accident, does not apply retroactively. *See* 42 U.S.C. § 12101, *et seq.*

Order affirmed.