

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-27-2004

# Nance v. Phoenix Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4688

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Nance v. Phoenix Ins Co" (2004). *2004 Decisions*. Paper 33.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/33

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4688
_____

JEFFREY NANCE;
KAREN NANCE, H/W,

Appellants


v.


*THE PHOENIX INSURANCE COMPANY

*(Amended per Clerk's Order of April 23, 2004)


_____



On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-03951)
District Judge:  The Honorable Thomas N. O'Neill


_____


Submitted Under Third Circuit LAR 34.1(a)
December 13, 2004


Before: NYGAARD, ROSENN, and BECKER, Circuit Judges.



(Filed:  December 27, 2004)

NYGAARD, Circuit Judge.

Jeffrey Nance and Karen Nance appeal from the District Court's order granting Phoenix Insurance Company's Motion for Summary Judgment. Roman Glikman sued the Nances in the Court of Common Pleas of Philadelphia County. The Glikman Complaint alleged (1) that Jeffrey Nance shot Glikman's dog in front of Glikman; (2) that Karen Nance attacked Glikman and physically restrained him from interfering with her husband's effort to shoot Glikman's dog; (3) that Jeffrey Nance caused Glikman to be falsely arrested; and (4) that no charges were filed against Glikman as a result of the incident. Phoenix held the Nances' homeowners insurance policy. The Nances sued Phoenix in Philadelphia County seeking a declaratory judgment that they are entitled to a defense and indemnification from Phoenix with respect to the Glikman action. Pursuant to diversity of citizenship, the action was removed to the United States District Court for the Eastern District of Pennsylvania.

The parties filed cross-motions for Summary Judgment. The District Court granted Phoenix's Motion for Summary Judgment. We will affirm.

An insurer is obligated to provide a defense only when a claim is alleged, which if proven, would require the insurer to indemnify the insured. *See Acceptance Ins.*

2

*Co. v. Seybert*, 757 A.2d 380, 384 (Pa. Super. 2000); *D'Auria v. Zurich Ins. Co.*, 507 A.2d 857 (Pa. Super. 1986). The homeowner's policy provides for coverage "[i]f . . . a suit is brought against any insured for damages because of 'bodily injury'. . . caused by an occurrence to which this coverage applies . . . ." Further, the policy covers an insured's liability for damages because of "bodily injury," which it defines as "bodily harm, sickness, or disease." Under Pennsylvania law, emotional distress does not constitute bodily injury under a policy definition such as is contained in the Nances' policy. *Zerr v. Erie Ins. Exchange*, 667 A.2d 237, 239 (Pa. Super. 1995); *Legion Indemnity Co. v. Carestate Ambulance, Inc.*, 152 F. Supp.2d 707, 719 (E.D. Pa. 2001).

Glikman's allegations do not plead a claim that falls within the coverage of the Phoenix policy, and therefore, the District Court correctly declared that Phoenix had no duty to defend or indemnify the Nances.

We will affirm the District Court's order granting Appellee's Motion for Summary Judgment.