Sura Eynisfeld **GLIKMAN**, Appellant

v.

**PROGRESSIVE CASUALTY
INSURANCE COMPANY,**
Appellee.

Superior Court of Pennsylvania.

Argued Sept. 20, 2006.
Filed Feb. 12, 2007.

Andrew P. Baratta, Huntingdon Valley, for appellant.

Luisa F. Borelli, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, P.J., McEWEN, P.J.E. and COLVILLE *, J.

OPINION BY COLVILLE, J.:

¶ 1 Appellant Sura Eynisfeld Glikman appeals from the trial court order which entered summary judgment in favor of Appellee Progressive Casualty Insurance Company, and against Appellant.

¶ 2 Appellant presents two issues for our review: (1) whether the case of *Zerr v. Erie Ins. Exch.*, 446 Pa.Super. 451, 667 A.2d 237 (1995), applies to the definition of "bodily injury" in Appellee's policy; and (2) whether a psychological or emotional injury resulting from an automobile accident which manifests itself in physical symptoms requiring medical treatment, falls within the definition of a "bodily injury" as defined by 75 Pa.C.S.A. § 1702. We vacate the trial court's order.

¶ 3 We view Appellant's claims with the following consideration:

We may reverse the entry of summary judgment only where we find that the trial court erred in concluding that either (1) no genuine issue of material fact existed; or (2) the moving party was entitled to judgment as a matter of law. We must review the record in the light

---

* Retired Senior Judge assigned to the Superior Court.

most favorable to the nonmoving party, resolving all doubts and drawing all inferences against the moving party. As this inquiry involves purely questions of law, our review is plenary. Finally, we are not bound by the conclusions of law of the trial court, as we may reach our own conclusions and draw our own inferences.

*Roth Cash Register Co. v. Micro Sys.,* 868 A.2d 1222, 1225 (Pa.Super.2005) (citations omitted).

¶ 4 The following facts were stipulated to by the parties. Appellant was walking across Roosevelt Boulevard with her husband, who was struck and killed by a motorist whose vehicle was insured by Appellee. At the time of the accident, Appellant did not own a motor vehicle, nor did she reside with anyone who did. As a result of witnessing her husband's accident, Appellant was diagnosed with and treated for post-traumatic stress disorder. Appellant sought first-party medical benefits under the insurance policy with Appellee to pay for the cost of her treatment. Appellee denied coverage on the basis that Appellant's injuries as a result of the accident were not the result of a bodily injury.

¶ 5 Appellant filed suit against Appellee for failing to pay first-party benefits, asserting claims for breach of contract and declaratory judgment. Both parties filed motions for summary judgment. The trial court granted Appellee's motion for summary judgment and denied Appellant's motion for summary judgment. This timely appeal followed.

¶ 6 When reviewing questions of coverage arising under insurance policies we are guided by the following: "a court must ascertain the intent of the parties as manifested by the language of the written agreement. When the policy language is clear and unambiguous, the court must give effect to the language of the contract." *Donegal Mut. Ins. Co. v. Raymond,* 899 A.2d 357, 361 (Pa.Super.2006).

■ ¶ 7 Appellee's policy provides: "[W]e will pay ... [f]irst [p]arty [b]enefits ... for loss or expense sustained by an insured person because of bodily injury caused by an accident arising out of the maintenance or use of a motor vehicle." Appellee's policy at 8. The policy defines "bodily injury" as "bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease." Appellee's policy at 2. We agree with Appellant that pursuant to Appellee's policy, there are four separate types of "bodily injury": bodily harm, sickness, disease, and/or death that results from the first three. "Disease" is a separately identified bodily injury in the policy. As the policy language clearly states that "bodily injury" includes any "disease" caused by an automobile accident, we must give effect to the language of the contract. Thus, under the language of Appellee's policy, contraction of a "disease" caused by an accident arising out of the maintenance or use of a motor vehicle is a specifically covered bodily injury under the policy. As Appellee neither disputes that post-traumatic stress disorder is a disease nor the cause of Appellant's suffering, we find she has sustained a bodily injury within the meaning of the policy.

¶ 8 The trial court based its decision that Appellant is not eligible for first-party benefits under Appellee's policy on the holding in *Zerr.* Appellant argues that the trial court erred in finding that the facts of this case fall within the ambit of *Zerr.*[1] We agree. The definition of bodily harm in the policy at issue in *Zerr* does not utilize the same language as that contained in Appellee's policy. In *Zerr,* the insured's policy defined "bodily injury" or "injury"

1. In *Zerr,* the appellant was denied first-party benefits for post-traumatic stress disorder

as "accidental bodily harm to a person and that person's resulting illness, disease or death." *Zerr*, 667 A.2d at 238. As stated above, Appellee's policy defines "bodily injury" as "bodily harm, sickness, or disease, including death that results from bodily harm, sickness or disease." The critical difference between the two is that in order to be covered as an injury under the *Zerr* policy, the disease must be a result of bodily harm while, under Appellee's policy, disease is defined as an injury separate from bodily harm. Because the definition of what constitutes a "bodily injury" in the policy at issue in this case is different than the definition of "bodily injury" in the *Zerr* policy, the holding of *Zerr* does not apply to the facts of this case.[2] Thus, the trial court improperly relied on the decision in *Zerr* to assess coverage to Appellant under Appellee's policy and enter summary judgment in favor of Appellee.

¶ 9 In light of our holding that Appellant is entitled to recover first-party benefits under the terms of Appellee's policy, we find it unnecessary to decide whether the MVFRL also provides her with a remedy.

¶ 10 Accordingly, we vacate the order of the trial court which granted Appellee's motion for summary judgment, entered summary judgment in favor of Appellee and against Appellant, and denied Appellant's motion for summary judgment. Further, we remand the case to the trial court for entry of an order denying Appellee's motion for summary judgment and for reconsideration of Appellant's motion for summary judgment.

¶ 11 Order vacated. Case remanded. Jurisdiction relinquished.

¶ 12 FORD ELLIOTT, P.J. files a Dissenting Statement.

## DISSENTING STATEMENT BY FORD ELLIOTT, P.J.:

¶ 1 I respectfully dissent and would affirm on the basis of the trial court's opinion.

which manifested in physical symptoms after nearly being involved in an automobile accident. On appeal, the appellant argued that the insurance policy should provide first-party medical and wage loss benefits to him for his mental injuries and that the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. § 1701, *et seq.*, is violative of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq. Zerr*, 667 A.2d at 238. This Court sought to determine whether the definitions provided by either the appellee's insurance policy or the MVFRL included coverage for an accident victim who suffers physical symptoms that result from a mental and emotional condition caused by a motor vehicle accident. *Id.* This Court found that the definitions of injury, found in both the insured's policy and the MVFRL, "state that the illness, disease, or death one suffers, and to which a policy holder is due a benefit, are those that are the result of a bodily injury." *Id.* at 239. The *Zerr* court held that the language of the insured's automobile insurance

policy and the MVFRL, which they determined created a distinction between physical and psychological illness, precluded recovery by means of the appellee's policy or the MVFRL, for mental injuries which were not the result of a bodily injury. *Id.* at 239–40.

2. The trial court also found that the definition of injury in § 1702 of the MVFRL is consistent with the language of Appellee's policy. The Pennsylvania MVFRL defines injury as "accidentally sustained bodily harm to an individual and that individual's illness, disease or death resulting therefrom." 75 Pa.C.S.A. § 1702. As we have already stated, pursuant to Appellee's policy there are four types of bodily injury: bodily harm, sickness, disease, including death that results from bodily harm, sickness or disease. Thus, the definition of bodily injury in Appellee's policy is consistent with the definition of injury in the MVFRL; however, the policy provides greater protection.