# Nationwide Mutual Insurance Co. v. Rainone

*William T. Salzer*, for plaintiff.

*Brian D. Kent, Jefrey F. Laffey, Christopher P. Spina, Gavin P. Lentz, Albert M. Belmont, III, Speros J. Kokonos* and *Joseph W. Gibley*, for defendants.

MCINERNEY, *J.*, April 24, 2015—The motion for summary judgment requires this court to determine whether plaintiff, a business insurer, owes any duty to defend its insureds in an underlying action. For the reasons below, the court finds that plaintiff owes no duty to defend its insureds in the underlying action.

## BACKGROUND

Defendant Jacqueline Rainone ("Rainone"), was an employee at a gasoline station (the "Sunoco Station"), located in East Stroudsburg, Pennsylvania. At all times relevant to this action, an individual named

"Quinones," was the manager of the Sunoco Station; an entity named "Sunoco, Inc." owned the business thereon.[1]

On the night of January 21, 2012, near the end of her work shift, Rainone asked Quinones permission to leave.[2] Apparently in response to this request, Quinones "hugged" Rainone and "wouldn't let her go," and when Rainone asked to be released and allowed to leave, Quinones not only refused to comply, but continued to restrain her until an incoming telephone call compelled him to momentarily relinquish his grasp.[3] Upon release, Rainone began to head toward the time-clocking machine with the intent to clock-out and leave; however, Quinones seized her again, pulled her to the floor, reached inside her garments, and touched her inappropriately.[4] Eventually, Rainone was able to escape from Quinone's control: she immediately ran out of the Sunoco Station and called the police.[5] At the time of these events, the Sunoco Station was insured under a business policy issued by herein plaintiff, Nationwide Mutual Insurance Company ("Nationwide Insurance"). The "Business Policy" issued by Nationwide Insurance contained the following "Definitions":

---

1. Unless noted otherwise, the facts in this *memorandum* opinion are gleaned from the allegations asserted in an action captioned *Jacqueline Rainone v. Sunoco, Inc. et al.* Case No. 1401-01235 (the "underlying action"), Philadelphia County Court of Common Pleas, case no. 1401-01235, Complaint, ¶¶ 29-37.

2. *Id.* at ¶ 30.

3. *Id.* at ¶¶ 30-31.

4. *Id.* at ¶¶ 32-35.

5. *Id.* at ¶¶ 36.

## V. DEFINITIONS

\*\*\*

3. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage Territory" means: a. The United States....

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker". \*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.[6]

The business policy also contained a liability coverage form, No. PB 00 06 (01-01), which provided coverage for bodily damage and property damage. This portion of the policy (the "liability coverage section"), specifically stated:

## I. COVERAGES

## A. COVERAGE A-BODILY INJURY AND PROPERTY

## DAMAGE LIABILITY

## 1. INSURING AGREEMENT

a. We will pay those sums up to the applicable limit of insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have

---

6. Premier Business Owners Policy ACP BPRM 5404912929, Exhibit B to plaintiff's motion for summary judgment, V., Definitions.

the right and duty to defend the insured against any "suit" seeking those damages under this policy.

However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\*\*\*

b. This insurance applies to "bodily injury" and "property damage" only if:

1. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

2. The "bodily injury or "property damage" occurs during the policy period....[7]

The premier business owners liability coverage form also contained an "exclusions section" stating that the insurance policy, including any duty to defend any suits thereunder, did not apply in a number of specifically listed circumstances. The exclusions section stated in pertinent part as follows:

2. Exclusions

This Insurance, including any duty we have to defend "suits", does not apply to:

\*\*\*

e. Employer's liability

"Bodily injury" to:

---

7. *Id.* Premier Business Owners Liability Coverage Form, PB 00 06 (01-01).

1) An "employee" of the insured arising out of and in the course of:

a) Employment by the insured; or

b) Performing duties related to the conduct of the insured's business....[8]

The exclusions section contained additional exclusions from coverage under an "abuse and molestation" clause and an "employment practices" clause. These clauses specifically stated as follows:

This insurance, including any duty we have to defend "suits", does not apply to....

\*\*\*

r. Abuse or molestation

"Bodily injury" or "property damage" arising out of

\*\*\*

2) The negligent:

a) Employment;

b) Investigation;

c) Supervision;

d) Reporting to the proper authorities, or failure to so report; or

e) Retention;

---

8. *Id.* at I.A.2.e.

Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1) above.[9]

\*\*\*

t. Employment practices

Bodily injury to:

1) A person arising out of any:

\*\*\*

c) Employment-related practices, policies, acts or omissions, such as coercion, demotion evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person....[10]

On January 14, 2014, Rainone commenced the underlying action against Sunoco, Inc. and other entities and individuals associated with, or succeeding to, the interests of Sunoco, Inc. (the "Sunoco defendants").[11] Among the entities and individuals sued by Rainone are Sri Maruti Enterprises, LLC ("Maruti Enterprises"), Tarisa Realty, LLC ("Tarisa Realty"), and Jay Patel ("Patel"), collectively referred to as the "Insureds" under the policy issued by Nationwide Insurance. According to the "underlying complaint," Rainone suffered a number of physical and psychological injuries, as well as financial damages, caused directly and proximately by the actions of Quinones. The injuries and damages suffered by Rainone

---

9. *Id.* at I.A.2.r.
10. *Id.* at I.A.2.t.1(c).
11. *Jacqueline Rainone v. Sunoco, Inc. et al.*, Case No. 1401-01235.

include mental trauma, bruising, emotional distress, post-traumatic stress, depression, fear, miscarriage and loss of earning capacity. In the underlying complaint, Rainone asserts against the Sunoco defendants the claims of negligence, negligent infliction of emotional distress and negligent failure to rescue; in addition, Rainone asserts the claims of assault, battery and intentional infliction of emotional distress against Quinones. After the underlying action was commenced, Nationwide Insurance undertook to defend its Insureds, but declined to provide any coverage to Quinones.

On May 20, 2014, Nationwide Insurance commenced the instant "declaratory judgment action." The motion for summary judgment of Nationwide Insurance seeks an order ruling that Nationwide Insurance is under no duty to defend the Insureds in the underlying action.[12]

## DISCUSSION

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.[13]

An action for declaratory judgment is available to

---

12. The period for discovery in this case ends on June 1, 2015.
13. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 589 Pa. 317, 329; 908 A.2d 888, 895-96 (2006).

obtain a declaration of the existing legal rights, duties, or status of the parties where the declaration will aid in the determination of a genuine, justiciable controversy.... A declaratory judgment action is particularly appropriate in construing contracts of insurance in order to determine whether an insurer is obligated to defend and/or indemnify one claiming under the policy.... The proper construction of an insurance policy is an issue which may be resolved as a matter of law in a declaratory judgment action.[14]

A court's first step in a declaratory judgment action concerning insurance coverage is to determine the scope of the policy's coverage. After determining the scope of coverage, the court must examine the complaint in the underlying action to ascertain if it triggers coverage. If the complaint against the insured avers facts that would support a recovery covered by the policy, then coverage is triggered and the insurer has a duty to defend until such time that the claim is confined to a recovery that the policy does not cover.[15]

### I. The bodily injury suffered by Rainone is removed from coverage under the "employer's liability" clause of the business policy.

In the motion for summary judgment, Nationwide Insurance asserts that Rainone was employed by the Insureds at the Sunoco Station and was performing duties on their behalf at the time she was allegedly assaulted by Quinones.[16] Nationwide Insurance argues that any bodily

---

14. *Warner v. Cont'l/CNA Ins. Companies*, 455 Pa. Super. 295, 301; 688 A.2d 177, 180 (1996).

15. *Gen. Ace. Ins. Co. of Am. v. Allen*, 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997).

16. Plaintiff's motion for summary judgment, ¶¶ 7-11.

injury suffered by Rainone is excluded from coverage pursuant to the "employer's liability" exclusion contained in the business policy. Thus, Nationwide Insurance concludes that it is exempted from defending the Insureds in the underlying action by operation of the afore-mentioned exclusion.

In the response in opposition, defendants Rainone and the Insureds deny that Rainone was performing any duties related to the business of the Sunoco Station at the time she was assaulted. Rainone and the Insureds assert that at the time of the assault, Rainone had "completed her shift and was attempting to vacate the premises."[17] Thus, Rainone and the Insureds argue that determining whether Rainone was acting within the scope of her employment at the time of the assault is a matter of fact for the jury, and may not be decided at summary judgment.[18] The court is not persuaded by this argument.

In Pennsylvania, an injury suffered by an employee is deemed to occur in the course of employment, provided that the injury occurs within the proximate time of work.[19] In this case, the underlying complaint asserts that at approximately 9:50 P.M. of Saturday, January 21, 2012, Rainone was assaulted by Quinones while she was on the clock.[20] Although Rainone's shift was nearing its end, she was on the clock at the time of the alleged assault, and as an employee of the Insureds, she continued to be engaged

---

17. Response in opposition of Rainone and the Insureds, ¶ 7 (incorporating ¶ 3 therein).

18. *Id.* at ¶¶ 11, 3, 7.

19. *Epler v. N. Am. Rockwell Corp.*, 482 Pa. 391, 397, 393 A.2d 1163, 1165 (Pa. 1978).

20. Underlying complaint, ¶¶ 29-32.

in the performance of the conduct of their business. The business policy specifically states that the insurance "does not apply to" any "bodily injury" suffered by "an employee" while "performing duties related to the conduct of the insured's business," or arising out of employment by the insured.[21] Since Rainone's bodily injury is excluded from coverage, Nationwide Insurance is under no duty to defend the Insureds in the underlying action.

## II. The bodily injury suffered by Rainone is removed from coverage under the "abuse and molestation" clause in the business policy.

The underlying complaint avers that Rainones was sexually assaulted and molested by Quinones. Indeed, the underlying complaint specifically avers that Quinones reached inside Rainone's shirt, touched her breast and tried to kiss her, then "pulled [her] to the floor, putting his hands insider [sic] her pants and underclothes to touch her buttocks and genitals."[22] Nationwide Insurance argues that the averments in Rainone's underlying complaint remove from coverage any bodily injury or property damage sustained by Rainone, pursuant to the "abuse and molestation" exclusions contained in the policy.[23] Therefore, Nationwide Insurance concludes that it has no

---

21. Premier Business Owners Liability Coverage Form, PB 00 06 (01-01), at I.A.2.e.1); I.A.2.e.2). In Pennsylvania, the term "bodily injury" includes emotional, psychic or mental injury. *Glikman v. Progressive Cas. Ins. Co.*, 2007 Pa. Super 41, ¶ 7; 917 A.2d 872, 873 (2007) (finding that a psychic or mental disease known as post traumatic stress disorder is included within the definition of "bodily injury").

22. Underlying complaint, ¶¶ 34-35.

23. The verb "to abuse" is defined as "[t]o injure (a person) physically or mentally." Black's Law DICTIONARY 110 (7th ed. 1999). Molestation is defined as "[t]he act of making unwanted and indecent advances to or on someone, esp. for sexual gratification." *Id.* at 1021.

12

duty to defend the Insureds in the underlying action.[24]

Opposing the motion, Rainone and the Insureds assert that the issue of molestation may not be resolved at summary judgment because it involves a question of fact for the jury.[25] However, a reading of the above-cited abuse and molestation clauses clearly shows that the insurance does not apply to "bodily injury" or "property damage" arising out of the "actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured."[26] In addition, any personal and advertising injury arising out of facts grounded in abuse and molestation are also excluded from coverage.[27]

In this case, Rainone suffered bodily injury or property damage arising out of the acts of sexual molestation allegedly inflicted upon her by Quinones. At the time she suffered such bodily injury or property damage, Rainone was clearly in the care, custody and control of her employer, the Sunoco Station, and of the Insureds who owned the business. The policy provisions in the business policy, when read in conjunction with the averments in the underlying complaint, convince the court that no genuine issue of material fact exists, any injury allegedly suffered

24. Motion for summary judgment of nationwide insurance, ¶¶ 14-16.

25. Response in opposition of Rainone and the Insureds, ¶¶ 14-15, (incorporating ¶ 3 therein).

26. Premier Business Owners Liability Coverage Form, PB 00 06 (01-01) at I.A.2.r.1). In addition, bodily injury is removed from coverage also under Coverage I.A.2.r.2), arising out of the Insureds' negligent employment, investigation, supervision, failure to report, and retention of a person for whom any insured is... legally responsible...."

27. Premier Business Owners Liability Coverage Form, PB 00 06 (01-01); Coverage I.B.2.a.12) (Personal and Advertising Injury Liability).

by Rainone is excluded from coverage, and Nationwide Insurance has no duty to defend the Insureds in the underlying action.[28]

### III. The "Employment Practices" exclusion removes from coverage any bodily injury allegedly suffered by Rainone.

Nationwide Insurance asserts that any bodily injury allegedly suffered by Rainone is removed from coverage pursuant to the "employment practices" exclusion contained in the business policy. According to Nationwide Insurance, the underlying complaint avers that the Insureds are liable to Rainone for negligently hiring Quinones, and for failing to enforce policies and procedures designed to prevent the type of assault allegedly perpetrated by Quinones. An examination of the underlying complaint reveals *inter alia* the following averments: first, the Insureds failed to properly supervise Quinones and to enforce measures for preventing the type of assault suffered by Rainone; second, the Insureds failed to make the premises safe for Rainone and did not warn her about the risks of being near Quinones; and third, the Insureds negligently hired Quinones when they knew or should have known of his alleged predatory proclivities.[29] A simultaneous reading of the pertinent exclusionary language in the policy convinces this court that any bodily injury suffered by Rainone, which arose out of the "employment-related practices, policies ... acts or omissions" of the Insureds, is excluded from coverage. For these reasons, Nationwide

---

28. The same conclusion applies to the business policy's exclusions under "personal and advertising injury liability" provision of the Business policy, I.B.2.a.12).

29. Underlying complaint, ¶ 42.

Insurance is under no duty to defend the Insureds in the underlying action.

The motion for summary judgment of plaintiff Nationwide Insurance is granted.

## ORDER

And now, this 24th day of April, 2015, upon consideration of the motion for summary judgment of plaintiff, Nationwide Mutual Insurance Company, the responses in opposition of defendants, Jacqueline Rainone, Sri Maruti Enterprises, LLC, Tarisa Realty and Jay Patel, and the respective memoranda of law, it is ordered that the motion for summary judgment is granted. Plaintiff Nationwide Mutual Insurance Company has no duty to defend in the action captioned *Jacqueline Rainone v. Sunoco. Inc. et al.*, Case No. 1401-01235, filed in the Court of Common Pleas, Philadelphia County.